# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SALVADOR SERRATO; and NANCY SERRATO a.k.a. NANCY VALENZUELA, | Case No. 4:23-cv-00179-BLW |
| Plaintiffs, | **ORDER** |
| v. | |
| CITY OF IDAHO FALLS; IDAHO FALLS POLICE DEPARTMENT; CHIEF BRYCE JOHNSON; ANTHONY OVERBY; DARIN MOULTON; DUSTIN HOWELL; JOSE ABREO; KEVIN GOMS; MONICA SMITH; TYLER MORITSCH; and JOHN AND JANE DOES I-XX, | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss (Dkt. 35). Defendants seek to dismiss the case due to Plaintiff Salvador Serrato's failure to prosecute. The Court will grant the motion for the reasons explained below.

Salvador and Nancy Serrato filed this action in April 2023 after they were arrested by the Idaho Falls Police Department. The complaint alleged a variety of Fourth Amendment and equal protection violations against the police department, the City of Idaho Falls, and several individual officers. Discovery began smoothly

but stalled in early 2024 when Mr. Serrato, a Mexican national living in the United States without authorization, returned to his home country to undergo cancer treatment. The parties agreed to stay the proceedings for several months, and the stay was extended until early December 2024.

That month, counsel for the plaintiffs informed defense counsel that they had been unable to contact Mr. Serrato. In January 2025, Mrs. Serrato voluntarily dismissed her claims. Dkt. 29. Plaintiffs' counsel subsequently filed a motion to withdraw from the case, which the Court granted with the requirement that they serve Mr. Serrato with the Order of Withdrawal. Dkt. 33. No affidavit of service has been filed, apparently because counsel cannot locate him. Defendants submitted their motion to dismiss on April 24, 2025. No response was filed.

Federal Rule of Civil Procedure 41(b) allows a defendant to seek the dismissal of a case based on the plaintiff's failure to prosecute. Dismissal is appropriate only upon a showing of unreasonable delay. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). The court must also consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

ORDER - 2

Dismissal is appropriate here. The last action Mr. Serrato took in the case was a motion to extend the stay in September 2024. His absence from the country has frozen this case for over a year, and his attorneys can no longer locate him. This unreasonable delay together with the defendants', the Court's, and the public's interest in promptly resolving the litigation justify the dismissal of the case. Additionally, no less drastic sanctions are available. Under these circumstances, dismissal is not intended to punish Mr. Serrato but simply reflects the unfairness and impracticality of keeping the matter in indefinite limbo.

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Dkt. 35) is **GRANTED**.



DATED: June 3, 2025

_____

B. Lynn Winmill
U.S. District Court Judge